Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6204 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Engate vs. Esquire Deposition Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached order, the Court grants Esquire's motion for partial summary judgment (89-1), Wordwave's motion for partial summary judgment (88-1) and Atkinson-Baker's motion for summary judgment (92-1); Wordwave's other motion for summary judgment (87-1), which joins Atkinson-Baker's motion, is granted as to its independent contractors but denies as to its employees. Atkinson-Baker's motion for judicial notice (95-1), which was both unnecessary and unopposed, is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 9 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 108 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | 02 DEC -8 PM 12:53 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENGATE, INC. )
)
      Plaintiff, )
)
vs. ) Case No. 01 C 6204
)
ESQUIRE DEPOSITION SERVICES, LLC, )
ATKINSON-BAKER, INC. and )
WORDWAVE, INC., )
)
      Defendants. )

**DOCKETED**
DEC 0 9 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Engate holds rights in various patents covering certain "specific feature functionalities that are employed by attorneys and court reporters [to] make real time transcription more useful to both." Plaintiff's statement of facts, ¶2. It has sued several court reporting agencies alleging infringement of those patents. The parties agree that any actual acts of infringement are done, not by the defendants themselves, but by the court reporters who work for the defendants and by the attorneys who use the court reporters' services. Based on this concession, the defendants have filed separate motions for summary judgment, which is appropriate in a patent case, as in any other case, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988). In determining whether there is a genuine issue of fact, we view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Stimsonite Corp. v.*



*Nightline Markers, Inc.*, 33 F. Supp. 2d 703, 705 (N.D. Ill. 1999).

Engate alleges that the defendants violate 35 U.S.C. §271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States . . . infringes the patent." For the most part, Engate has focused on the "uses" part of the statute, alleging that the defendants use one or more of its patented inventions. Atkinson-Baker argues that it is entitled to summary judgment because it does not itself use any patented invention and because it cannot be held liable for the actions of those who do. On the latter point, Atkinson-Baker argues that the court reporters who allegedly use the patented inventions are independent contractors, not employees, and therefore as a matter of law cannot subject Atkinson-Baker to liability. Esquire, which claims an independent contractor relationship with all but six of the court reporters who work for it, has filed a motion for partial summary judgment along the same lines (its motion does not cover liability based on the acts of the six employee court reporters). And Wordwave, which claims an independent contractor relationship with all but three of its court reporters, has joined both Atkinson-Baker's motion and Esquire's motion.

To support their motions, the defendants rely heavily – indeed, almost exclusively – on *Stenosync, Inc. v. Pat Barkley Court Reporters*, No. C-00-1786 VRW (N.D. Cal. July 10, 2001), an unpublished decision from the Northern District of California. Much of the *Stenosync* opinion deals with whether the court reporters who work for the defendant should be classified as independent contractors or employees, a question with which we need not wrestle because Engate has conceded that the court reporters included in the defendants' motions are independent contractors. But the decision is important for where its analysis begins: with *Crowell v. Baker Oil Tools, Inc.*, 143 F.2d

1003 (9th Cir. 1944), and the rule of law that a defendant may be vicariously liable for patent infringement. In *Crowell*, the Ninth Circuit held "[i]t is obvious that one may infringe a patent if he employ an agent for that purpose or have the offending articles manufactured for him by an independent contractor." *Id.* at 1004. But Engate's arguments notwithstanding, the question is not whether the actions of an independent contractor *can* give rise to vicarious liability – under *Crowell* and the other cases cited by Engate, the answer is clearly yes – but under what circumstances such vicarious liability should be imposed.

In *Free Standing Stuffer, Inc. v. Holly Development Co.*, No. 72 C 1070, 1974 U.S. Dist. LEXIS 11420 (N.D. Ill. Dec. 24, 1974), a case on which Engate relies, the court held that "[i]nfringement is not avoided by contracting with others to carry out the method of a patent" and that "[i]nterposing an agent or independent contractor between the principal and the infringing acts does not absolve the principal from liability." *Id.* at *44. But the facts of *Free Standing Stuffer* differ from those presented here in at least one material way. In that case the holder of a patent involving the insertion of direct response advertising in newspapers sued a development company for infringement. Among other things, the defendant argued that it could not be liable for infringement because "the printing and folding were done by the printer, the inserting was done by the newspaper, and the orders were placed by the advertising agency . . ." *Id.* at *34-35. The court rejected the argument and found the defendant liable for the actions of those who carried out the specific steps of the patent method. In doing so, the court noted that "the defendant knew of the patent, knew what was involved in it, and set forth in its specifications to the printer the very insert which is described in the patent . . ." *Id.* at *35-36. The court found it appropriate to hold the defendants responsible for the actions of others because

3

the defendant's acts were "purposefully, knowingly and intentionally done"; indeed the defendant had agreed to indemnify two newspapers which had refused to run the insert until they obtained indemnity. *Id.* at *36-37. Engate has presented no evidence to suggest that the defendants behaved in an underhanded way to achieve infringement of Engate's patents. In fact, there is no evidence that the court reporting agencies even knew about Engate's patents; on the contrary, Sheila Atkinson-Baker, the president of Atkinson-Baker, Inc., testified that she did not know about Engate's patents until Engate filed this lawsuit. Supplemental Affidavit of Sheila Atkinson-Baker, ¶5. Nor is there any evidence to show that the defendants directed or required the court reporters to use the patented inventions; on the contrary, the evidence shows that the court reporters selected and bought their own equipment. See Affidavit of Sheila Atkinson-Baker, ¶9; Declaration of Carole Hughes, ¶7, Declaration of Alan N. Vinick, ¶7.

In *Lineguard, Inc. v. Linetec, Inc.*, No. 87 C 2368, 1987 WL 11832, at *1 (N.D. Ill. June 1, 1987), another case on which Engate relies, the court held that "one may infringe a patent if he has infringing products made for him."[1] But again, that case involved a defendant who specifically directed another party to commit acts that could have amounted to patent infringement. There is no evidence that any of the defendants ever directed the reporters to commit such acts. To the contrary, the evidence shows that the court reporting agencies had nothing to do with the decision to use the

---

[1] *Ralston Purina Co. v. Far-Mar-Co., Inc.*, 586 F.Supp. 1176 (D. Kan. 1984), another case cited by Engate, also holds that "a party cannot avoid infringement merely by having a third party practice one or more of the required steps." But it is unclear what role that rule of law played in the court's decision.

allegedly infringing systems; according to the evidence, the attorneys who requested reporting services, not the agencies, dictated whether real time systems would be used. *See* Hughes Declaration, ¶7; Atkinson-Baker Affidavit, ¶10; Vinick Declaration, ¶7. And, as explained above, the reporters, and perhaps the attorneys, decided which system would be used. *See* Hughes Declaration, ¶7; Atkinson-Baker Affidavit, ¶10; Vinick Declaration, ¶7.

Based on the relevant case law, if the defendants had directed their court reporters to use infringing real time systems and software or hired the reporters for the purpose of using those systems or software, they could not escape liability – that is true whether the reporters are called employees or independent contractors. But given the absence of any evidence suggesting that this was the case, the court reporters' actions cannot give rise to liability on the part of the defendants. Engate's arguments notwithstanding, the Court does not read *Crowell*, *Free Standing Stuffer* and *Lineguard* to hold that a defendant is *always* vicariously liable for any patent infringement committed by the defendant's independent contractors. That reading is too broad. The cases in which vicarious liability has been imposed all involved something more than exists here. Under the circumstances of this case, the defendants are not liable for the use of any patented invention by the court reporters who work for them as independent contractors.[2]

---

[2] Both Esquire and Wordwave admit that they keep several court reporters on staff; these reporters are considered employees, rather than independent contractors. It is not clear how this distinction affects the defendants' tendency to control or direct the use of infringing software and systems. But the defendants have not asked for summary judgment with respect to these employees' use of the allegedly infringing software or systems and in any event, they have not offered any evidence to suggest that summary judgment would be appropriate as to these employees. Thus, our ruling today is limited to the non-employee court reporters.

5

In the last paragraph of its motion, Engate argues that even if summary judgment is appropriate with respect to the defendants' "use" of the patented inventions, it is not appropriate with respect to the defendants' "offers to sell" the patented inventions. Engate's claim in this regard is based on the defendants' websites, which advertise the use of real time services that use allegedly infringing software. Atkinson-Baker responded to this argument with half a page, arguing that Engate has waived any claim for violation of the "offers to sell" part of §271(a) by failing to raise it initially and by failing to develop it. The Court disagrees on the waiver issue; Engate's complaint is broad enough to include an infringement claim based on alleged offers to sell infringing products. *See* Amended Complaint, ¶17. But neither side has developed the summary judgment arguments on this claim, and the Court is therefore ill-equipped to rule on the issue at this time. Our decision today pertains only to the defendants' alleged use of patented inventions and does not address whether the defendants may be liable for patent infringement based on their alleged offers to sell patented inventions.

## Conclusion

For the reasons explained above, the Court finds that the defendants are not vicariously liable for any use of patented inventions by their independent contractor court reporters. Insofar as Engate's claims of patent infringement are based on the "use" of patented inventions, the Court therefore grants Esquire's motion for partial summary judgment [Docket Number 89-1], Wordwave's motion for partial summary judgment [Docket Number 88-1] and Atkinson-Baker's motion for summary judgment [Docket Number 92-1]; Wordwave's other motion for summary judgment [Docket Number 87-1], which joins Atkinson-Baker's motion, is granted as to its independent contractors but denied as to its employees. Atkinson-Baker's motion for judicial notice [Docket Number 95-1], which was both unnecessary and unopposed, is granted.

Dated: December 2, 2002

_____
MATTHEW F. KENNELLY
United States District Judge