IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGATE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 01 C 6204 |
| | ) |
| ESQUIRE DEPOSITION SERVICES, LLC, | ) Judge Kennelly |
| and ATKINSON-BAKER, INC., | ) |
| | ) Magistrate Judge Keys |
| Defendants. | ) |

**ENGATE'S OPPOSITION TO THE MOTION BY THE NATIONAL COURT REPORTERS ASSOCIATION AS *AMICUS CURIAE* REQUESTING PERMISSION TO FILE BRIEF IN SUPPORT OF THE MOTIONS FILED BY ESQUIRE DEPOSITION SERVICES, LLC AND ATKINSON-BAKER, INC. TO ALTER AND AMEND THE JUDGMENT**

The National Court Reporters Association ("NCRA") has sought leave to file an *amicus* brief supporting the defendants' respective motions to alter and/or amend the judgment in the afore-captioned matter. Although the NCRA cites authority for the proposition that this Court has discretion to permit the NCRA *amicus* status in this matter, it fails to describe those circumstances in which courts have used their discretion to deny such status. *See* NCRA Memorandum at 2, *citing United States v. Bd. of Educ.*, 1993 U.S. Dist. LEXIS 14307 (N.D. Ill. Oct. 12, 1993).

One basis for denying *amicus* status is the partiality of the party to a particular side in the dispute:

> Historically, then, an amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another. Cf. *Allen v. County School Board of Prince Edward Co.*, 28 F.R.D. 358, 362 n.2 (E.D.Va.1961). Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that an amicus must be a friend of the court and not a friend of a party to the cause. C. Rembar, The Law of The Land 330 (1980).

*Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).

The partiality of the NCRA to the defendants' position in this lawsuit is clear. Indeed, Atkinson-Baker goes so far as to refer to its independent contractor court reporters, presumably among the NCRA membership, as its "privies." Atkinson-Baker Memorandum at 5.

Further, an *amicus* has traditionally participated in proceedings by giving suggestions to the court on doubtful questions of law. *Leigh*, 535 F. Supp. at 420, *citing The Claveresk; Earn Line S.S. Co., Ltd. v. Sutherland S.S. Co.*, 264 F. 276, 279 (2d Cir. 1920). Here, the NCRA's sole purpose in seeking *amicus* status is to expand the factual record regarding the effect judgment in this matter will have on its membership. In other words, there is no "doubtful question of law" on which the NCRA seeks to offer assistance.

Finally, as this Court noted in *United States v. Bd. of Educ.*, the only case cited by the NCRA, "a court may deny a movant *amicus curiae* status upon determining that the movant's proposed contribution is unnecessary." *United States v. Bd. of Educ.*, 1993 U.S. Dist. LEXIS 14307 (N.D. Ill. Oct. 12, 1993) (Ex. A) at *8, *citing Elm Grove v. Py*, 724 F. Supp. 612, 613 (E.D. Wis. 1989). In *Elm Grove*, the contribution of the proposed *amicus* was deemed unnecessary, as it appeared "both parties are competently represented." *Elm Grove*, 724 F. Supp. at 613. There is no allegation on the part of the NCRA that defendants' counsel is incompetent. Therefore, the NCRA's contribution would appear to be similarly unnecessary.

There is no need to complicate the issues before the Court by allowing essentially a factual submission by an interested third party where the issues have been fully briefed by competent counsel. Therefore, the NCRA's motion for leave to file an *amicus* brief should be denied.

Respectfully submitted,

/s/

Joseph A. Grear
George C. Summerfield
Keith A. Vogt
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
(312) 755-4400

Date: April 16, 2004