

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY 1 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ENGATE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 01 C 6204 ) |
| ESQUIRE DEPOSITION SERVICES, LLC, and ATKINSON-BAKER, INC., | ) Judge Kennelly ) ) Magistrate Judge Keys |
| Defendants. | ) |

DOCKETED
MAY 2 7 2004

## MOTION *IN LIMINE* TO EXCLUDE IMPROPER MATERIAL CONTAINED IN DEFENDANTS' SUMMARY JUDGMENT REPLY SUBMISSIONS OR, IN THE ALTERNATIVE, FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND TO FILE A SUR-REPLY

### I. INTRODUCTION

The defendants have now served and filed their reply papers supporting their joint motion for summary judgment of invalidity. These papers, in actuality representing a different summary judgment motion, consist of, *inter alia*:

1) a 33-page brief, including for the first time an invalidity argument based upon 35 U.S.C. § 102(a);

2) a response to Engate's Statement of Facts, including a reply to Engate's responses to the defendants' original statement of facts, totaling 451 pages;

3) four new declarations, including the declaration of a new deponent;

4) several new documentary exhibits, including two new, allegedly anticipating prior art reference; and

5) a Statement of *Additional* Facts proposed by the defendants.

These reply submissions, of course follow the defendants' original motion for summary judgment, which they supplemented with two new declarations three months after the original motion was filed. They also follow the defendants' suggestion to the Court that little work remained on the part of the parties in order for the Court to rule on the invalidity motion.

250



As explained herein, the afore-referenced submissions go well beyond what is allowed in a summary judgment reply, and the information therein should be excluded accordingly. Alternatively, Engate requests leave to conduct additional discovery regarding the new evidence and new arguments that the defendants have submitted with their reply, and to file a sur-reply to address that new evidence and new arguments.

Engate sought the defendants' agreement to conduct additional discovery and to file a sure-reply, but the defendants refused to agree.

## II. DISCUSSION

### A. The Allowed Limits Of A Reply

N.D. Ill. R. 56.1 governs the content of summary judgment submissions. Although that Rule does not expressly set forth the requirements of a summary judgment reply brief, it does specify what the moving party may do in response to additional material facts submitted by the non-moving party:

> If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response.

N.D. Ill. R. 56.1(a).

This Court has clarified the permissible form that this "concise reply" may take, and the information upon which such reply may be based:

> Under LR56.1(a), the moving party may controvert additional material facts submitted by the opposing party pursuant to LR56.1(b). However, its denials must be based on materials already part of the record unless the opposing party's LR56.1(b) statement of additional facts raises unanticipated new issues entirely outside the scope of the moving party's motion for summary judgment.

*Turner v. Micro Switch*, 2001 U.S. Dist. LEXIS 63 (D. Ill., Jan. 3, 2001) (Ex. A) at *8-9.

This Court has also stated repeatedly that it is improper to raise new issues in a reply where the non-moving party has no right of sur-reply. *See, e.g., Ace Novelty Co., Inc. v. Vijuk Equipment, Inc.*, 1991 U.S. Dist. LEXIS 10713 (N.D. Ill. July 31, 1991) (Ex. B) at *10 (striking reply brief containing new factual claims and supporting evidence rather than imposing cost of filing sur-reply on non-moving part); *Fasules v. D.D.B. Needham Worldwide, Inc.*, 1989 U.S. Dist. LEXIS 10573 (N.D. Ill. Sept. 7, 1989) (Ex. C)

at *4; *Autovox v. Lenco Italiana*, 1980 U.S. Dist. LEXIS 16288 (N.D. Ill. May 8, 1980) (Ex. D) at *10.

### B. Those Portions Of The Defendants' Reply Submissions Failing To Comply With The Requirements For Such Submissions Should Be Excluded

#### 1. The Defendants' New Evidence Should Be Excluded

The defendants rely, in their reply submission, upon indisputably new evidence. They do not, however, even attempt to explain what "new" issues were raised in Engate's opposition requiring the submission of this new evidence. The new evidence is therefore improper, and should be excluded.

##### a. The New Jorpeland Declaration Should Be Excluded

The defendants, as part of their reply, submitted the declaration of Mr. Jorpeland, a brand new declarant. Engate had no prior notice that Mr. Jorpeland would participate in this matter as a declarants. He is, however, the author of one of the prior art references that the defendants submitted with their original summary judgment papers, so they have known about him all along. *See* Def. Attach. 18. This new declarant's evidence should be excluded.

##### b. The Defendants' Supplemental Declarations Should Be Excluded

The defendants have also submitted three "supplemental" declarations from three of their original declarants. Each of these declarants was deposed in connection with his respective original declaration, and the defendants took the opportunity to cross examine each at those depositions. Nonetheless, the defendants have put forth these supplemental declarations, each containing new evidence therein. For example, Mr. Wenclawski, according to the defendants' own characterization, went back *after* his deposition to verify the contents of the documents upon which he relied in his original declaration. Reply at 1-2. This verification effort comprises the entirety of Mr. Wenclawski's supplemental declaration. *See* Wenclawski Supp. Decl., ¶¶ 1-2.

Mr. Middlebrooks, another supplemental declarants, reviewed "object code" for the OmniCat product. Middlebrooks Supp. Decl., ¶ 2. Again, this review occurred *after* his deposition. Making matters worse, this code has never been produced in this litigation.

These improper supplemental declarations should be excluded.

### c. Evidence Regarding The New Prior Art References Should Be Excluded

The defendants have put forth, as part of their reply, two new, allegedly anticipating prior art reference, and declarations pertaining thereto. Mr. Wolfson, as an attachment to his declaration, submits a completely new, allegedly invalidating article on prior art that he observed at a conference in Dallas. Wolfson Supp. Decl., Ex. 1. This article, although not yet in hand, was the subject of the defendants' cross-examination of Mr. Wolfson in London, and the defendants have now been in possession of the article for months. More importantly, however, Mr. Wolfson has been cooperating with the defendants all along, and they could have found out about this document a year ago. Nonetheless, this article, and the discussion thereof as allegedly invalidating appears for the first time in the defendants' reply papers.

Similarly, Mr. Jorpeland relies upon a 1992 advertisement for CaseView, again appearing in this litigation for the first time in the defendants' reply submission. Jorpeland Decl., Ex. 1. Mr. Jorpeland "can state with certainty that the March, 1992 magazine was published and distributed to the public before March 15, 1992," although he provides no insight into the basis for that certainty. *See* Jorpeland Decl., ¶ 2.

These new prior art references, and the declarations pertaining thereto, should be excluded.

### C. The Defendants' New Basis For Summary Judgment Under 35 U.S.C. § 102(a) Should Be Excluded

In the defendants' original summary judgment papers, the basis for invalidity was exclusively 35 U.S.C. § 102(b). That section provides:

A person shall be entitled to a patent unless -

\* \* \*

b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

35 U.S.C. § 102(b).

4

It is true that the defendants mention section 102(a) in passing in their introduction. *See* Def. Mem. at 2. However, the *entirety* of their analysis is limited to invalidity under section 102(b). For example, the defendants' discussion of the legal standards for a patent invalidity analysis focuses exclusively on prior public use or sale, and prior publication under that section. *See* Def. Mem. at 4-6. Indeed, the defendants define the "critical date" as March 24, 1992, *i.e.*, one year prior to the filing date of the priority patent application. Def. Mem. at 4-5. Further, *every* claim-specific analysis put forth by the defendants is limited to invalidity under section 102(b). *See* Def. Mem. at 7-15. *Nowhere* do the defendants provide *any* analysis of invalidity under section 102(a).

In their reply, the defendants now argue that certain prior art references invalidate certain of the asserted claims. *See* Def. Reply at 3, n.3, 4. The defendants also put forth a number of fact statements to the effect that Engate is not entitled to a critical date extending back to March 23, 1992. *See* Defendants' Reply to Engate's Responsive Statement of Facts at 186. In other words, the defendants have, for the first time in their reply submissions, added a section 102(a) invalidity analysis. As this is a new argument, it is improper material for a reply brief, and should be excluded.

### D. The Defendants' Factual Submissions Failing To Comply With The Local Rules Should Be Excluded

As noted above, pursuant to N.D. Ill. R. 56.1(a), a "moving party may submit a concise" to "additional material facts . . . submitted by the opposing party." The defendants went well beyond the limits of this Rule, filing a reply to Engate's response to the defendants' original statement of facts, as well as a statement of their own additional facts, making their total reply submission nearly 500 pages in length. Because these additional submissions are not contemplated under N.D. Ill R. 56.1, they should be excluded.

### E. In The Alternative, Engate Requests Leave To Conduct Additional Discovery And To File A Sur-Reply To Address The New Evidence And Arguments Raised In The Defendants' Reply

In the event that the Court allows the defendants to rely upon their new evidence and arguments, Engate requests leave to conduct additional discovery and to file a sur-reply to address such new evidence and arguments. Obviously, Engate had no way to

anticipate this new material when it was conducting its discovery and preparing its summary judgment opposition. The Court has already ruled that it was appropriate for Engate to take the depositions of *all* declarants relied upon by the defendants in their original summary judgment submission. Similarly, the requested discovery would be appropriate here.

Further, as concerns the proposed additional deposition of Mr. Wolfson, Engate has already undertaken the time, effort and expense of deposing Mr. Wolfson in London already. Because the defendants have chosen to submit yet another declaration from Mr. Wolfson on a topic that they reasonably could have included in his original declaration, Engate moves that any further deposition of Mr. Wolfson occur in Chicago, and that the defendants bear the cost thereof.

Finally, Engate requests *all* of the documents relied upon by the declarants in preparing the declarations submitted with the defendants' reply. This would include, *inter alia*, the object code referred to in Mr. Middlebrooks' declaration.

### III. CONCLUSION

In their summary judgment reply, the defendants are effectively attempting a second bite at the summary judgment apple, having now seen the many problems with their original summary judgment submission, courtesy of Engate's opposition. The defendants' flagrant abuse of the rules should not be allowed. Engate requests that this Court exclude the offending materials from the reply submissions.

Respectfully submitted,

Joseph A. Grear
George C. Summerfield
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
(312) 755-4400

ATTORNEYS FOR PLAINTIFF
ENGATE, INC.

Date: May 14, 2004

6

# See Case File for Exhibits