IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ENGATE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01 C 6204 |
| | ) | |
| ESQUIRE DEPOSITION SERVICES LLC and | ) | Judge Matthew F. Kennelly |
| ATKINSON-BAKER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on March 16, 2005 we caused to be filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, the attached DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF EARLIER PRIORITY DATE UNDER 35 U.S.C. §102(b), a copy of which is herewith served upon you.

HINSHAW & CULBERTSON LLP

By: _____
    One of its Attorneys

Alan R. Lipton
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

5891573v1 807819

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS. |
| COUNTY OF COOK | ) |

THE UNDERSIGNED, an attorney, says that he caused a copy of the above and foregoing NOTICE OF FILING and DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF EARLIER PRIORITY DATE UNDER 35 U.S.C. §102(b), to be served via hand-delivery to Stadheim & Grear, Ltd. and by depositing a copy of same in the U.S. Mail Chute located at 222 North LaSalle Street, Chicago, Illinois to the other attorneys of record on this 16th day of March, 2005.

Alan R. Lipton

## SERVICE LIST

Mr. Rolf O. Stadheim
Mr. Joseph A. Grear
Mr. George C. Summerfield
Mr. Gregory Jordan
Stadheim & Grear, Ltd.
Wrigley Building Tower
400 North Michigan Avenue
22nd Floor
Chicago, IL  60611
**Attorneys for Engate, Inc.**
Fax  (312) 755-4408

Mr. William T. Enos
Mr. Robert C. Nissen
Oblon, Spivak, McClelland, Maier &
Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314
**Attorneys for Esquire Deposition Services**
Fax: 703-413-2220

Mr. Terry D. Weissman
Neal, Gerber & Eisenberg
Two North LaSalle Street, Suite 2200
Chicago, IL  60602
**Attorney for Esquire Deposition Services**
Fax: 312-269-1747

2

FILED
MAR 16 2005 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGATE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01 C 6204 |
| ) | |
| ESQUIRE DEPOSITION SERVICES LLC and ) | Judge Matthew F. Kennelly |
| ATKINSON-BAKER, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF EARLIER
PRIORITY DATE UNDER 35 U.S.C. §102(b)**

Defendants and counterclaim plaintiffs Esquire Deposition Services, LLC and Atkinson-Baker, Inc., by and through their respective attorneys, respectfully request the Court to enter an Order in Limine precluding Engate from offering any evidence concerning its date of invention, including evidence related to a date of conception or to any diligence on the part of the inventors from any such conception date prior to March 24, 1993, the earliest filing date of any of Engate's patents. During discovery, Engate refused to provide information on this subject, despite being specifically asked for such information.

The reason this issue is important is that there are two provisions of 35 U.S.C. § 102 applicable in this case: (a) and (b). Although both of these provisions concern anticipation, they are directed to different critical dates. Under 35 U.S.C. § 102(a), any publication dated before the invention that describes the invention anticipates, and thus invalidates, the claims directed to that invention. The critical date in applying this section is thus the date of the invention. Absent any evidence supporting an earlier date, the patentee is constructively deemed to have invented the claimed subject matter as of the filing date of the application. *See Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed. Cir. 1986) (prior art that existed as of "the filing date of the application" invalidates a patented claim unless the inventors prove entitlement to an earlier date). In this case that filing date is March 24, 1993.

Under 35 U.S.C. § 102(b), however, any publication dated at least one year prior to the filing date of the patent application that describes the invention invalidates the claims directed to that invention. The critical date in applying this section is thus the date one year before the filing date of the application. In this case, that date would be March 24, 1992.

The difference between these two provisions is that under §102(a) the patentee may be entitled to "swear behind" an otherwise anticipatory publication. To prove entitlement to an earlier date, the inventors must prove either (a) an actual reduction to practice of the invention before the date of the publication or b) a date of conception earlier than the date of the publication and actual diligence in working on the invention from the date of conception to the date of the publication. *See Maharkur v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577. (Fed. Cir. 1996). Therefore, to overcome an anticipatory reference dated before March 24, 1993, but after March 23, 1992, Engate would have to prove either 1) an actual reduction to practice before the date of the reference or 2) a date of invention and diligence from prior to the date of the reference.

During discovery, the defendants sought discovery on this issue. They explicitly asked Engate to provide complete details concerning the conception and reduction to practice of the invention. Engate refused to do so, asserting that it need only rely on the March 24, 1993, filing date, because defendants "…failed to put forth any alleged prior art *causing Engate to rely upon dates earlier than the filing dates of the subject patents.*" Engate's Response to Spherion's First Set of Interrogatories at 2-3 (emphasis added) (Attach. 1). Engate's assertion was both legally and factually wrong. First, Engate's assertion was legally wrong because, pursuant to Fed. R. Civ. P. 26(b)(1), discovery may be had as to "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." The information sought was relevant to one of the defenses of the defendants. Moreover, discovery is not a "show me yours and I'll show you mine" game. Second, Engate's assertion was factually incorrect because, in its *May 2002* interrogatory responses, Esquire explicitly cited prior art from before *March 1993* as invalidating prior art. Esquire's Responses to Engate's First Set of Interrogatories at 6 (Attach. 2). Thus, Engate should have provided the information during discovery.

Engate's position became even more untenable after defendants squarely raised the issue by citing post March 24, 1992, prior art in support of their joint motion for summary judgment of anticipation. Completely ignoring its continuing duty to supplement its discovery responses, Engate provided no documents or amended interrogatory responses.

5890191v1 807819

By refusing to provide discovery on this issue, Engate has concealed any evidence it may intend to offer at trial on this issue. In so doing, Engate has foreclosed defendants' rights to due process and to confront and cross examine any witnesses Engate intends to call on this issue. Since Engate's discovery responses never disclosed the information necessary for Engate to prove a date of invention earlier than its filing date, to allow Engate to do so for the first time at trial would result in trial by ambush, placing defendants at a significant disadvantage and allowing Engate an unfair advantage. Accordingly, the appropriate date for deciding whether publications qualify as anticipatory prior art is March 24, 1993.

**WHEREFORE,** Defendants respectfully request that the Court issue an order precluding Engate from offering any evidence that it is entitled to an invention date earlier than its filing date of March 24, 1993.


Date: March 16, 2005

Respectfully submitted,

Atkinson-Baker, Inc.

By: _Alan R. Lipton/smt_
One of its attorneys

Alan R. Lipton
Mark C. Metzger
Peter D. Sullivan
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
312-704-3000

ESQUIRE DEPOSITION
SERVICES LLC

By: _Terry D. Weissman/smt_
One of Its Attorneys

Terry D. Weissman, Esq.
NEAL, GERBER & EISENBERG LLP
Two North La Salle Street
Suite 2200
Chicago, IL 60602
Tel: (312) 269-8000
Fax: (312) 269-1747

5890191v1 807819

**Of Counsel**
William T. Enos, Esq.
Robert C. Nissen, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
Tel: (703) 413-3000
Fax: (703) 413-2220

## **ORDER**

_____ Granted

_____ Denied

_____ Granted as Modified as Follows:

_____

_____

_____

_____

_____

**JUDGE**

_____

**DATE**

5890191v1 807819

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGATE, INC., | : |
| Plaintiff, | : |
| | : Civil Action No. 01 C 6204 |
| v. | : Judge Kennelly |
| | : Magistrate Keys |
| ESQUIRE DEPOSITION SERVICES, LLC, ATKINSON-BAKER, INC., SPHERION CORP., WORDWAVE, INC., and THE REPORTERS GROUP, | : |
| Defendants. | : |

ENGATE, INC.'S RESPONSE TO SPHERION'S
FIRST SET OF INTERROGATORIES (Nos. 1 and 2)

Engate hereby responds to Spherion's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Engate objects to these interrogatories to the extent they seek information protected from discovery on grounds of the attorney-client privilege and/or work product immunity.

2. Engate objects to these interrogatories to the extent they seek to impose an obligation which exceeds a litigant's discovery obligations as provided by the Federal Rules of Civil Procedure.

3. Engate objects to these interrogatories to the extent they seek the identification of documents and individuals as unduly burdensome.

4. As discovery is on-going, Engate reserves the right to amend, supplement and/or alter these responses as warranted.

5. By responding to any of these interrogatories, Engate does not concede that the

1

information provided is relevant to this action, and reserves the right to object to any requests for further information on the same subject(s) and to the introduction of any such information into evidence at any trial or proceeding on the basis of relevancy, materiality or any other grounds.

**INTERROGATORY NO. 1**

Separately, for each claim of each of the patents-in-suit:

a) state the date and location of conception, identify the person(s) who conceived the subject matter, the role of each person with respect to conception, and identify the person(s) who are most knowledgeable about the facts relating to the conception;

b) state the date and location of the commencement of the research, design, or development activities leading to the first prototype(s) or experimental products, identify the person(s) involved in the research, design, and development activities, and describe fully those activities;

c) state the date and location of reduction to practice, indicate whether actual or constructive, the role of each person with respect to reduction to practice, and identify the person(s) who are most knowledgeable about the facts relating to such reduction to practice;

d) state the date of commencement of diligence, if any, towards the reduction to practice identified in the response to subparts (b and c) above;

e) state the date upon which the first drawing, if any, was made of the subject matter and identify each drawing and the person(s) who made the drawing(s);

f) state the location of any existing devices resulting from the actual reduction to practice and the time and manner of disposition of any models which no longer exist;

g) state the date of the first written description of the subject matter and identify the person(s) who made each of the disclosure(s) and the person(s) who made the description(s);

h) state the date of the first disclosure of the subject matter and identify the person(s) who made each of the disclosure(s) and the person(s) to whom the disclosure(s) were made;

i) state the date the subject matter embodied in each claim was first described in a printed publication, and identify each publication known to Engate in which it was described;

j) state the date upon which the subject matter in each claim was first embodied in an aspects, features, or functions of any software program or computer system;

2

k) state the date of the first manufacture, use or offer for sale, and sale of all products and/or services covered by or made in accordance with each such claim, identify each such product or service, identify the person that made the first sale and offer for sale, identify the person or organization to whom the first sale and offer for sale was made; identify the person(s) most knowledgeable about the facts relating to such first manufacture, use, offer for sale, and sale; and,

l) identify any persons or documents concerning or that can corroborate, the information set forth above in response to subparts (a) through (j).

**RESPONSE TO INTERROGATORY NO. 1**

Engate objects to this Interrogatory to the extent it seeks responsive information to each of the foregoing sub-parts on a claim-by-claim basis as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Engate further objects to this interrogatory as seeking information that is not currently relevant or material to any issue in the case. The conception and reduction to practice, and diligence issues have not been implicated because Spherion has failed to put forth any alleged prior art causing Engate to rely upon dates earlier than the filing date of the subject patents. Subject to its objections, Engate references its produced documents pursuant to Fed. R. Civ. P. 33(d), from which Spherion can derive the answer to this Interrogatory.

**INTERROGATORY NO. 2**

Separately, for each named inventor and each individual associated with the preparation, filing and prosecution of the patents-in-suit:

(a) state the date(s) upon which each individual first saw, learned of, became aware of, gained knowledge of, or used, any real-time transcription system;

(b) state the date(s) upon which each individual first saw, learned of, became aware of, gained knowledge of, or used, any computer software program used in real-time transcription systems, and identify each such computer software program;

3

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGATE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 01C 620 4 |
| v. | ) |
| | ) Judge Matthew F. Kennelly |
| ESQUIRE DEPOSITION SERVICES LLC, | ) Magistrate Judge Arlander Keys |
| ATKINSON-BAKER, INC., and | ) |
| WORDWAVE INC., | ) |
| | ) |
| Defendants. | ) |

## ESQUIRE'S RESPONSES TO ENGATE'S
## FIRST SET OF INTERROGATORIES

Defendant Esquire Deposition Services, LLC ("Esquire"), through counsel, responds as follows to the First Set of Interrogatories (Nos. 1-7) propounded by plaintiff Engate, Inc. ("Engate").

## GENERAL STATEMENT

Esquire's responses are made without in any way waiving or intending to waive but, on the contrary, are subject to and intending to preserve, *inter alia*:

(1) the right to raise all questions of authenticity, relevancy, materiality, privilege, and admissibility as to evidence or documents or things produced and/or information provided for any purpose which may arise in any subsequent proceeding in, or trial of, this or any other action;

This system combined a real-time computer-assisted transcription (CAT) system with a video system. WW 00123.

In early 1992, a computer-integrated courtroom setup was used in New Jersey during a patent infringement lawsuit between Honeywell and Minolta. *See* WW 00092, WW 00165 – WW 00170. In this trial, "[a]s the court reporter types out the testimony on his shorthand machine, a computer translates the shorthand into written words and ships them to computer screens on the judge's bench and on the lawyer's tables." Also, during the trial, "translators received the simultaneous transcription to aid in translating testimony back and forth between Japanese and English." Moreover, "[t]he Minolta defense team also connected the courtroom to their office with a modem, so that associates in the office could read the trial as it happened." WW 00170.

The prior art also includes computer-aided transcription systems (sometimes referred to as "CAT systems") developed by March 1993, and include, but are not limited to, equipment provided by: BaronData Systems, Cheetah International, Inc., Gigatron Software Corp., Stenograph L.L.C., Stenoscribe, Inc., and XSCRIBE; and CAT software and litigation support software, including, but not limited to: Bolt, CaseCAT, Caseview, Discovery ZX, Discovery VideoZX, Summation, StenoCAT, TurboCAT, LiveNote and XSCRIBE. These real-time court-reporting systems and computer-aided transcription systems were known and/or used by others in this country, and/or patented or described in printed publications in this country and/or a foreign country before the alleged invention claimed in the Engate patents-in-suit. Moreover, these real-time court-reporting systems and computer-aided transcription systems were patented and/or described in printed publications in this and/or foreign countries, and/or in public use and/or on