**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ENGATE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 01 C 6204** |
| | ) | |
| **ESQUIRE DEPOSITION SVCS. LLC** | ) | |
| **and ATKINSON-BAKER, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Engate, Inc. sued Esquire Deposition Services, LLC and Atkinson-Baker, Inc. for the

infringement of patents covering technologies related to real-time transcription services.  In a

series of rulings, the Court found against Engate on its claims of direct and indirect infringement.

After a bench trial, the Court also concluded that a number of the claims in Engate's patents

were invalid.  Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Esquire and

Atkinson-Baker have petitioned the Court for costs requesting $29,169.04 and $31,761.19

respectively.  For the reasons discussed below, the Court grants defendants' petitions but limits

Esquire's award to $14,765.59 and Atkinson-Baker's to $12,447.57.

**Discussion**

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C. § 1920, a court may tax "(1) [f]ees of the clerk and marshal; (2) [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and copies of papers necessarily obtained for use in the case," among other costs. The Court presumes that the prevailing party is entitled to costs, and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

**1.      Fees for service of summons and subpoenas**

Esquire and Atkinson-Baker each request $267.50 for service of subpoenas. Engate does not dispute this figure. The Court therefore grants defendants' requests in this regard.

**2.      Court reporters' fees**

Court reporters' fees may be recovered under § 1920. In their initial bills of costs, Esquire and Atkinson-Baker requested $11,420.09 and $16,026.15, respectively, for these fees. In their joint reply brief, however, both defendants have reduced their requests. Specifically, defendants have withdrawn their requests to recover the fees for condensed transcripts, transcript delivery costs, and real time costs, and they have lowered their cost submissions for several transcripts. Esquire now requests $10,255.39, and Atkinson-Baker requests $15,257.71. Engate objects to several aspects of the defendants' requests.

### a.    Costs for ASCII diskettes and videotapes of depositions

Engate argues that the costs of ASCII diskettes and videotapes of depositions are not recoverable.  Generally, prevailing parties cannot recover these costs because they are regarded as costs incurred for counsel's convenience.  This is particularly true where the parties also obtained stenographic transcripts of depositions for which ASCII diskettes or videotapes were produced.  *See, e.g., Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002); *EEOC v. Yellow Freight Sys., Inc.*, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999); *see also*, *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Defendants respond that the ASCII diskettes were necessary because this was "a massive, paper intensive case, involving a plethora of minutely detailed issues."  Defs. Joint Reply at 2. The volume of the submissions in a case, however, does not by itself justify the recovery of such costs.  *Cf. Pruitt v. City of Chicago*, No. 03 C 2877, at *2 (N.D. Ill. Oct. 5, 2005) (awarding costs for producing ASCII diskettes only because of the short schedule imposed by judge).

Defendants next contend that videotaping certain depositions – in addition to stenographic transcription – was necessary.  Courts may tax the costs of a transcript and a videotape of the same deposition only if both are necessary and reasonable in the context of the particular case.  *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (4th Cir. 1999); *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *Rogers v. City of Chicago*, No. 04 C 5569, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002).   Defendants videotaped the depositions of five witnesses:  Charles Christian, Rhett Dennerline, Anthony Dowell, Merilyn Sanchez, and Richard Wolfson.  Because witnesses Christian and Wolfson appear to reside in England and were therefore outside the court's subpoena power, we award the

costs for both the transcripts and the videotapes of these depositions. *See Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at * 2 (N.D. Ill. Jul. 8, 2004).

The Court rejects defendants' request with regard to the depositions of Dennerline, Dowell, and Sanchez.[1]  Defendants argue that they anticipated challenging the credibility of these witnesses using their videotaped depositions.  Defendants' desire to use videotaped depositions for impeachment, however, does not make them necessary to the extent required to make the expenses recoverable as costs. *Rockett v. Marten Transp., Ltd.*, No. 99 C 3957, 2002 WL 54545, at *1 (N.D. Ill. Jan. 15, 2002) ("If defendants want that impeachment "edge," however, they must pay for it themselves.")

### b.    Rate of reimbursement for deposition transcripts

Engate contends that the defendants cannot properly recover their claimed deposition transcript costs because they exceed the recoverable rate per page.  Generally, the costs taxed for depositions transcripts cannot exceed the regular-copy rate established by the Judicial Conference of the United States. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998); N.D. Ill. LR 54.1(b).  The reimbursement rates for ordinary transcripts (which are the majority of the transcripts at issue here) are $3.30 per page for an original and $0.83 per page for the first copy to each party. *See* U.S. District Court for the Northern District of Illinois,

---

[1]    Dennerline and Dowell are patent attorneys who were hired by Engate to examine several  forms of real-time transcription software and determine whether they infringed on Engate's patents.  Sanchez is a court reporter who is knowledgeable about the availability of certain legal transcription technologies before Engate obtained its patents.  All of these witnesses appear to reside in the United States, and there is no contention that they were believed to be unavailable for trial.

Maximum Transcript Rates - All Parties (Per Page), *available at*

http://10.205.15.104/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last modified Feb. 28, 2003).

Both defendants stand by their cost submissions for copies of transcripts of depositions arranged by Engate. Defendants argue that they had no control over the prices charged by Engate's court reporters, and that for this reason, the Court should tax the full costs paid for the copies of these transcripts. *See Haroco, Inc. v. Am. Nat. Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir. 1994) (using actual prices rather than maximum fees set by Judicial Conference where losing party arranged thirty-five of thirty-six depositions). We agree, and therefore, for those depositions arranged by Engate, the Court will allow defendants to recover the full costs of obtaining transcript copies.[2]

We do, however, limit Atkinson-Baker's recovery for several transcripts. Atkinson-Baker asks for $1,160 for all of the expenses related to the deposition of William Greenley (e.g., exhibits, rough ASCII, copy of ASCII diskette, and stenographic transcript). This is approximately $7.77 per page, over twice the cost for even an original of a transcript. We therefore limit Atkinson-Baker's recovery for a copy of this transcript to $124.50 (150 pages at $0.83 per page for a regular transcript copy).

We also limit Atkinson-Baker's recovery regarding the depositions of witnesses Gore, Stirewait, Sandstrom, and Middlebrooks. Atkinson-Baker ordered expedited transcripts of each

---

[2] From the briefs and invoices submitted by Esquire and Atkinson-Baker, we have surmised that the depositions for the following were arranged by Engate: Sandstrom, Thorn, Vaglica, Thieme, Hanson, Jorpeland, Wendawski, Middlebrooks, Jakus, Ward, Tolliver, Marut, Hughes, Bennett, Gore, Henderson, Stirewait, Christian, and Wolfson.

but, provides the Court with no reason why this was reasonable or necessary. For this reason, the Court limits Atkinson-Baker's recovery for copies of these transcripts. It appears that these depositions were arranged by Engate, and based on other invoices from the same court reporters, we have been able to determine their rates for copies of ordinary transcripts, and we have taxed Engate according to those rates. *See Haroco*, 38 F.3d at 1441.

### c. Appearance costs for court reporters

Engate argues that court reporter attendance fees cannot be taxed as costs. The Court agrees and therefore denies defendants' requests for court reporters' costs. *See, e.g., Higbee v. Sentry Ins. Co.*, 97 C 1349, 2004 WL 1323633, at *2 (N.D. Ill. Jun. 11, 2004); *Rogers*, 2002 WL 423723 at *3.

### d. Costs for transcripts of court proceedings

Engate contends that neither Esquire nor Atkinson-Baker should be allowed to recover the expense of obtaining the transcript of the bench trial the Court held on the validity issue, because they have failed to establish that these costs were necessary for the case. The Court agrees. Both defendants have submitted affidavits from attorneys who work on the case, but both merely state in conclusory fashion, without explanation, that the trial transcripts were "necessarily obtained for use in the case." *See* Esquire's Bill of Costs, Nissen Aff. ¶ 11; Atkinson-Baker's Bill of Costs, Lipton Aff. ¶ 5. In their reply, defendants try to make up for the deficiencies in these affidavits, but they fail in this regard as well. Esquire alone attempts to give a reason for obtaining several transcripts, stating that it needed the transcripts "to prepare for argument on a motion," but it fails to explain why the transcripts were necessary for the particular motion. Defs. Joint Reply at 6. For this reason, the Court denies recovery of the trial

transcript expense.

Even were the Court to conclude that defendants had met the threshhold requirement for recovery of the cost of the transcript, we would still decline recovery, due to their failure to provide certain basic information. Esquire failed to include the number of pages in the transcript in a number of instances, and Atkinson-Baker did the same once. *See* Esquire's Bill of Costs, Ex. G at 1-15; Atkinson-Baker's Bill of Costs, Ex. C. The length of a transcript, however, is essential to determining whether the requested costs conform with the Judicial Conference's maximum rates for transcripts. *See Cengr*, 135 F.3d at 455. In addition, in three instances, Atkinson-Baker requested expedited transcripts but provided no reason why the transcripts were needed so quickly. *See* Atkinson-Baker's Bill of Costs, Ex. C. Because defendants have failed to provide the Court with the basic information needed to calculate what (if any) portion of the defendants' transcripts were necessary, the Court disallows these claimed costs.

**Esquire's Allowed Court Reporting Expenses**

| Proceeding | Recoverable Amount | Basis |
|---|---|---|
| Anthony Dowell Deposition | $128.80 | Original transcript (112 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |
| Rhett Dennerline Deposition | $485.30 | Original transcript (422 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |
| Merilyn Sanchez | $118.45 | Original transcript (103 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |

| | | |
|---|---|---|
| Brett Sandstrom Deposition | $268.45 | Transcript copy (91 pages at $2.95 per page because Engate arranged deposition) |
| Kenneth Thorn Deposition | $299.75 | Transcript copy (109 pages at $2.75 per page because Engate arranged deposition) |
| Anthony Vaglica Deposition | $115.50 | Transcript copy (42 pages at $2.75 per page because Engate arranged deposition) |
| Don Thieme Deposition | $163.70 | Transcript copy (58 pages at $2.75 per page because Engate arranged deposition) plus copy of exhibits ($4.20) |
| Gerald Hanson Deposition | $62.65 | Transcript copy (29 pages at $2.10 per page because Engate arranged deposition) plus copy of exhibits ($1.75) |
| Marshall Jorpeland Deposition | $48.40 | Transcript copy (22 pages at $2.20 per page because Engate arranged deposition) |
| John Wenclawski Deposition | $35.20 | Transcript copy (16 pages at $2.20 per page because Engate arranged deposition) |
| Fred Middlebrooks Deposition | $87.50 | Transcript copy (28 pages at $2.20 per page because Engate arranged deposition) plus copy of exhibits ($25.90) |
| Melanie Jakus, Lorene Ward, and William Tolliver Depositions | $448.25 | Transcript copy (163 pages at $2.75 per page because Engate arranged deposition) |
| Corinne Marut Deposition | $178.75 | Transcript copy (65 pages at $2.75 per page because Engate arranged deposition) |
| Carole Hughes Deposition, Mar. 19, 2003 | $103.30 | Transcript copy (pages not provided, but whole cost taxed because Engate arranged deposition) |
| James Bennett Deposition | $1014.00 | Transcript copy (390 pages at $2.60 per page because Engate arranged deposition) |
| **TOTAL** | **$3,558.00** | |

**Atkinson-Baker's Allowed Court Reporting Expenses**

| Proceeding | Recoverable Amount | Basis |
|---|---|---|
| William Greenley Deposition | $124.50 | Transcript copy (150 pages at $0.83 per page) |
| Sheila Atkinson-Baker Deposition | $586.65 | Original transcript (303 pages at $1.94 per page) |
| Corinne Marut Deposition | $178.75 | Transcript copy (65 pages at $2.75 per page because Engate arranged deposition) |
| Gerald Hanson Deposition | $62.65 | Transcript copy (29 pages at $2.10 per page because Engate arranged deposition) plus copy of exhibits ($1.75) |
| William Gore Deposition | $96.25 | Transcript copy (35 pages at $2.75 per page because Engate arranged deposition) |
| James Henderson Deposition | $580.65 | Transcript copy (208 pages at $2.55 per page because Engate arranged deposition) and copy of exhibits ($50.25) |
| Don Thieme Deposition | $163.70 | Transcript copy (58 pages at $2.75 per page because Engate arranged deposition) plus copy of exhibits ($4.20) |
| John Wenclawski Deposition | $252.00 | Transcript copy (90 pages at $2.75 per page because Engate arranged deposition)plus copy of exhibits ($4.50) |
| Richard Stirewait Deposition | $119.60 | Transcript copy (37 pages at $2.75 per page because Engate arranged deposition) plus copy of exhibits ($17.85) |
| Merilyn Sanchez | $118.45 | Original transcript (103 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |
| Brett Sandstrom Deposition | $268.45 | Transcript copy (91 pages at $2.95 per page because Engate arranged deposition) |

| Charles Christian and Richard Wolfson Depositions | $485.05 | Transcript copy (107 pages at $2.55 per page because Engate arranged deposition); copy of exhibits ($32.20); and videotape because witnesses were out of the country ($180.00) |
|---|---|---|
| Anthony Dowell Deposition | $128.80 | Original transcript (112 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |
| Rhett Dennerline Deposition | $485.30 | Original transcript (422 pages at $1.15 per page) (allowing recovery at half the cost of original transcript because both defendants ordered original) |
| Fred Middlebrooks Deposition | $123.20 | Transcript copy (56 pages at $2.20 per page because Engate arranged deposition) |
| **TOTAL** | **$3,774.00** | |

### 3.  Printing costs

For printing costs, Esquire has petitioned for $323.30 and Atkinson-Baker has requested $1,355.66.  Engate objects that defendants have not demonstrated that these expenses were necessary, and that even if they were, they can only recover printing costs for those documents provided to the court or other parties.  *See, e.g. Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 2004 WL 1631676, at *5 (N.D. Ill. July 19, 2004); *Weiland v. Linear Constr., Ltd.*, 2004 WL 1631676, at *2 (N.D. Ill. Jan. 8, 2004).  The Court agrees.  The majority of defendants' requested costs are for "extras" such as binding, tabbing, and custom filing documents which are not "necessary" as required by § 1920.

Furthermore, Atkinson-Baker alone seeks reimbursement for the costs of actual printing, and it has submitted an affidavit that these expenses were incurred to print court filings and discovery materials.  Neither the affidavit of Atkinson-Baker's counsel nor counsel's invoices,

however, show that these expenses are for copies produced for the Court and the other parties. *See Haywood v. Evergreen Motor Cars, Inc.*, No. 02 C 6408, 2003 WL 22220121, at *2 (N.D. Ill. Sep. 25, 2003); Atkinson-Baker Bill of Costs, Lipton Aff. ¶ 6. The Court nonetheless recognizes that this was a paper-intensive case and that prevailing parties cannot be required to provide a detailed explanation of every expense they incurred. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (expressing concerns about requiring parties to enumerate detailed reasons for photocopying). We therefore award Atkinson-Baker half of its printing costs, which we have calculated to be $254.36.[3]

## 4. Witness costs

For witness fees, Esquire requests $1,382.35, and Atkinson-Baker petitions for $1,382.33. Engate raises no objections. The Court therefore taxes these costs to Engate.

## 5. Costs of exemplification and copies

Esquire requests $14,965.02 for the costs of copies and exemplification, and Atkinson-Baker petitions for $12,729.55 for the same purpose. Engate objects, arguing that defendants have provided an inadequate explanation as to why the documents in question were copied and that they have not provided sufficient information for the Court to determine the number of pages copied and the rate per page. We approach this issue recognizing that "[defendants were] not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. Rather, [they were] required to provide the best breakdown obtainable from retained records." *See Northbrook Excess*, 924 F.2d at 643.

---

[3] The Court treated the expenses for photocopying and the Pitney Bowes Management Services as printing expenses. *See* Atkinson-Baker's Bill of Costs, Ex. C.

Both defendants submit affidavits in which counsel state that after examining the records in question, they have determined that only twenty percent of their respective photocopying expenses were incurred for their convenience. *See* Esquire's Bill of Costs, Nissen Aff. ¶ 6; Atkinson-Baker's Bill of Costs, Lipton Aff. ¶ 8. Atkinson-Baker states that it made 68,723 copies at the rate of $0.15 per page and 24,211 copies at the rate of $0.10 per page. In its bill of costs, Atkinson-Baker requests its full copying expenses of $12,729.55, but in his affidavit, counsel Alan Lipton states that only eighty percent of these expenses ($10,183.64) were necessary and therefore recoverable. *See* Atkinson-Baker's Bill of Costs, Lipton Aff. ¶ 8. Atkinson-Baker's invoices, however, provide no information about what documents were photocopied or how many copies were made, both of which are needed to permit the Court to ascertain for itself whether the costs were necessary or were, for example, extra copies made for the sake of convenience. *See* Atkinson-Baker's Bill of Costs, Ex. E.

Esquire states that it made 22,994 copies at $0.10 per page, 11,744 copies at $0.15 per page, and incurred $14,645.27 in copying costs from outside vendors; again, it states that eighty percent of these costs were necessary and therefore recoverable ($14,965.02), but it provides virtually no accounting for this figure. Similarly, it provides no information about what documents were copied or how many copies of the document were made. And unlike Atkinson-Baker's invoices, Esquire's invoices provide no indication of how many photocopies were made for each photocopying charge. *See* Esquire's Bill of Costs, Nissen Aff. ¶ 6, Exs. A & B.

We are mindful of the Seventh Circuit's admonition that the parties need not provide detailed explanations of their photocopying expenses, and we also recognize the Federal Circuit's recent statement that "in complex patent litigation involving hundreds of thousands of

documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation." *See Summit Tech. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378-79 (Fed. Cir. 2006) (finding district court's taxation of fifty percent of total photocopying costs as an approximate calculation of "necessary" photocopying was not an abuse of discretion). The Court is also aware that this was a paper-intensive case that involved extensive paper discovery and voluminous court submissions. For these reasons, the Court is not inclined to deny the requested costs entirely. Rather, we will award a sum equal to one-half of the total copying costs, which the Court believes appropriately takes account of the factors we have noted. We therefore award Esquire $9,353.14 and Atkinson-Baker $6,364.78.

The Court will award the entire expense of copying the videotapes showing the use of various transcription technologies in Judge Strand's courtroom in Arizona. *See* Atkinson-Baker's Bill of Costs, Ex. C. Atkinson-Baker incurred the expense of duplication because it intended to use the videotapes at trial, and as a result, it provided copies to the Court and to the parties. Because this involved copying evidentiary material that was necessary to the litigation, the Court awards Atkinson-Baker the full expense, $200.

Finally, Esquire and Atkinson-Baker seek to recover the costs of depositions that were not depositions in the traditional sense, but instead were demonstrations of older transcription technologies. They claim that these depositions are taxable as exemplifications. A court can award the reasonable expenses of exemplifications, which are defined as illustrative aids used to enable the trier of fact to better understand the evidence at trial. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000). The depositions at issue involved demonstrations of older technologies, and court reporter Sanchez conducted similar demonstrations at trial. We therefore

treat them as exemplification expenses and award each of the defendants an additional $204.60.

**Conclusion**

For the reasons state above, the Court grants defendants' petitions for costs but limits the

defendants' awards to $14,765.59 (Esquire) and to $12,447.57 (Atkinson-Baker) respectively.


MATTHEW F. KENNELLY
United States District Judge

Date:   March 13, 2006